**Denise LONEY and Mary Ruth Taylor**

v.

**CARR–LOWREY GLASS COMPANY and Anchor Hocking Glass Corporation.**

Civ. A. No. M–78–847.

United States District Court,
D. Maryland.

Sept. 26, 1978.

Charles Lee Nutt, and Curtis C. Coon, Baltimore, Md., for plaintiffs.

Stanley Mazaroff, and George W. Johnston, Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

 Defendants have moved to dismiss this employment discrimination action on the grounds that this court lacks jurisdiction under Title VII, 42 U.S.C. § 2000e *et seq.* because the EEOC did not retain jurisdiction of plaintiffs' charges for the 180-day period referred to in 42 U.S.C. § 2000e–5(f)(1) [1] and suit was filed in this court prior to the expiration of said period. After consideration of the memoranda and arguments of the parties this court finds that it does not have jurisdiction over the plaintiffs' Title VII claims.

The court finds that Section 1601.28(a)(2) of the Commission's Procedural Regulations, 42 F.R. 4782, 47837, 29 C.F.R. § 1601.28(a)(2) (September 22, 1977),[2] is ". . . inconsistent with an obvious congressional intent . . . ," *Espinoza v. Farah Mfg. Co.,* 414 U.S. 86, 94, 94 S.Ct. 334, 339, 38 L.Ed.2d 287 (1973), and that the Notices of Right to Sue issued to plaintiffs were defective because issued prior to the expiration of the 180-day period referred to in 42 U.S.C. § 2000e–5(f)(1). *See Scott v. Board of Education of Harford County, et al.,* Civil Action No. N–76–1513 (D.Md. September 2, 1977) (Opinion by Northrop, C. J.);

*Budreck v. Crocker National Bank,* 407 F.Supp. 635 (N.D.Calif.1976); *cf. Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355 at 361, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977).

For the above reasons, it is this 26th day of September, 1978, ORDERED:

1. That defendants' motion to dismiss plaintiffs' Title VII claims is granted.

2. That plaintiffs' charges are remanded to the EEOC with direction that it reassert jurisdiction for an additional period of time necessary [3] to constitute the 180-day period referred to in 42 U.S.C. § 2000e–5(f)(1) or until said charges are dismissed.

3. That this court's dismissal of this action is without prejudice to the right of the plaintiffs to refile this action when the remainder of the 180-day period referred to in 42 U.S.C. § 2000e–5(f)(1) has run or when their charges have been dismissed by the EEOC, without the necessity of obtaining another "Notice of Right to Sue." The Notices of Right to Sue previously issued shall be deemed to have been sent on the 180th day of the 180-day period referred to in 42 U.S.C. § 2000e–5(f)(1) or on the date(s) their charges are dismissed, whichever occurs first.

---

1. 42 U.S.C. § 2000e–5(f)(1) provides in relevant part:

 ". . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. . . ."

2. Section 1601.28(a)(2) provides:

 "When a person claiming to be aggrieved requests, in writing, that a Notice of Right to Sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such Notice as described in Section 1601.28(e) with copies to all parties, at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; Provided that the District Director, the Director of the Office of Field Services or the Director of the Office of Systemic Programs has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written Certificate to that effect."

3. Since nothing in this record indicates that the EEOC actually ceased processing of the complaint when the Notices of Right to Sue were issued on April 25, 1978, the court deems the running of the 180-day period to have been tolled on May 12, 1978, the date this action was filed in court.

4. That the said 180-day period did not run while plaintiffs' action was pending in federal court, i. e., from May 12, 1978, to the date of this Order.

5. That plaintiffs' state law claims are dismissed because there is no independent federal jurisdiction over these claims.