**Delphine FIELDS and Jerome Young, Plaintiffs,**

v.

**VILLAGE OF SKOKIE et al., Defendants.**

**No. 80 C 3387.**

United States District Court, N. D. Illinois, E. D.

March 20, 1981.

Louis S. Goldstein, Vitell, Greenfield, Johnson, Goldstein & Gubbins, Ltd., Chicago, Ill., for plaintiffs.

Peterson, Ross, Schloerb & Seidel, Mary Patricia Chapin, Russell M. Pelton, Robert G. Schloerb, Craig A. Varga, Chicago, Ill., Harvey Schwartz, Skokie, Ill., for defendants.

## MEMORANDUM OPINION

SHADUR, District Judge.

Plaintiffs Delphine Fields and Jerome Young have pending a motion for reconsideration of this Court's December 3, 1980 memorandum opinion and order. In part that opinion granted defendants' motion to dismiss plaintiffs' Title VII claims for failure to satisfy the jurisdictional prerequisite of having received a right to sue letter prior to bringing an action in federal court.

While the motion for consideration was in the process of being fully briefed, plaintiffs moved the Court for leave to file notice of right to sue letters that were issued by EEOC February 6, 1981. Plaintiffs also "asked that this court grant this leave *nunc pro tunc* to the date upon which the complaint in this action was filed." This Court asked counsel for both sides to submit, in the form of letters rather than formal briefs, citations to any authorities they deemed relevant as to the propriety of plaintiffs' new motion. In response defendants have cited *Harris v. National Tea Co.*, 454 F.2d 307 (7th Cir. 1971), which the Court finds singularly inapplicable to the issue before it. Plaintiffs have requested an extension of time for transmittal of the requested letter, rather than filing it within the period designated by the Court.

Very brief research indeed discloses a controlling precedent of our own Court of Appeals in which a Title VII plaintiff lost a cause of action on jurisdictional grounds because of having followed the precise procedure plaintiffs are taking here. In *Gibson v. Kroger Co.*, 506 F.2d 647, 652–53 (7th Cir. 1974), cert. denied, 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975), the Court not only handed down a decision that controls here but stated in language that might well have been written for this case:

This Court should not reverse the judgment of the District Court in view of Gibson's persistent neglect or refusal to pursue the judicial remedies that were available to him. The defendants' motions to dismiss clearly called Gibson's attention to the fatal fault in his complaint: his failure to allege that he had either pursued or exhausted the administrative remedies prescribed in Title VII of the Act. Gibson could have cured the fault as soon as he received his right-to-sue notice simply by amending his complaint to include the necessary allegation and the fact of his receipt of the notice. Fed.R.Civ.P. 15(a). Thus, instead of filing on August 22, 1973 his Answer To Defendants Motion To Dismiss, which Answer contained his right-to-sue notice, Gibson could have amended his complaint. He had ample time to do so—from August 22 to October 15, 1973, when his complaint was dismissed. He surely could not expect the District Court then,

or this Court now, to put itself into the position of a litigant and amend his complaint for him.

For that reason plaintiffs' motion for leave to file the notice of right to sue letters on a *nunc pro tunc* basis is denied, without prejudice of course to plaintiffs' right to follow the proper procedure by moving to amend the Complaint.