PEOPLE OF the STATE OF NEW YORK, by Robert ABRAMS, Attorney General of the State of New York, Shirley Rock, Gretchen Chernetsky, Patricia Barden, Clara McDonnell, Mary Bennett, Anne Bennett, Sandra Gannon, Lillian Brown, Lucy Madeja and Louise Machajewski, Plaintiffs,

v.

HOLIDAY INNS, INC.; Buffalo Motel Corp.; and Hamburg Inn, Inc., Defendants.

No. CIV–83–564E.

United States District Court, W.D. New York.

Aug. 29, 1984.

William A. Price, Buffalo, N.Y., for plaintiffs.

Walter Brock, Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiffs commenced this action May 26, 1983 alleging that defendants had engaged

in age and gender discrimination in the hiring and discharge of employees in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.;* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq;* the New York Human Rights Law, section 296.1(a) of New York's Executive Law; the New York Equal Rights Law, section 40–c of New York's Civil Rights Law; and section 63(12) of New York's Executive Law. The individual plaintiffs also seek relief for alleged intentional infliction of emotional harm.

Defendant Holiday Inns, Inc. has moved to dismiss the Amended Complaint pursuant to Fed.R.Civ.P. rules 12(b)(1) and 12(b)(6) or, alternatively, for summary judgment pursuant to Fed.R.Civ.P. rule 56(b). Defendant Buffalo Motel Corp. has also moved to dismiss or strike portions of the Amended Complaint on numerous grounds.

Defendants have initially asserted that Attorney General Abrams lacks standing to bring this action under any of the aforementioned statutes. The Amended Complaint states and plaintiffs have argued that the Attorney General has *parens patriae* authority to maintain this action in order to protect the health and welfare of the residents of the State of New York by preventing age and gender discrimination. However recent decisions in *Alfred L. Snapp, Etc. v. Puerto Rico, ex rel., Barez,* 458 U.S. 592, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982) (hereinafter *"Snapp"*), and *People by Abrams v. 11 Cornwell Co.,* 695 F.2d 34 (2d Cir.1982), *modified on other grounds,* 718 F.2d 22 (2d Cir.1983) (*en banc*) (hereinafter *"Cornwell"*), support defendants' contention that the State is merely a nominal party in this action and lacks *parens patriae* standing.

In *Snapp* the Court explained that in order to invoke *parens patriae* standing "the State must assert an injury to what has been characterized as a 'quasi-sovereign' interest * * *." 458 U.S. at 601, 102 S.Ct. at 3266. The Court held that a state has quasi-sovereign interests in the health and well-being of its residents and in protecting its citizenry from the harmful effects of discrimination. 458 U.S. at 607–608, 102 S.Ct. at 3269–3270. However the Court also instructed that a substantial segment of the population rather than an identifiable group of individuals must be injured in order to give the state such standing to sue. 458 U.S. at 607, 102 S.Ct. at 3269. Although the Court did not set forth any particular percentage of the population of a state that had to be adversely affected by the challenged actions of a defendant, it held that the indirect effects of the injuries alleged should be considered in determining whether a sufficiently large segment of the population was allegedly injured. *Ibid.*

The challenged behavior in *Snapp* involved alleged ethnic discrimination by Virginia apple-growers against Puerto Rican workers. Although there were only approximately eight hundred temporary job opportunities in Virginia at stake, the Court examined the indirect effect on the Puerto Rican economy, the nature of the invidious discrimination alleged, and found *parens patriae* standing appropriate due to the "universal sting" carried by "[d]eliberate efforts to stigmatize the [Puerto Rican] labor force as inferior * * *." 458 U.S. at 609, 102 S.Ct. at 3270 (quoting from *Com. of Puerto Rico v. Alfred L. Snapp & Sons,* 632 F.2d 365, 370 (4th Cir.1980)).

In the case at bar the Attorney General has failed to allege an injury to a substantial segment of New York's population. Despite plaintiffs' assertions that countless other employees *may* be subjected to defendants' discriminatory practice of discharging older employees and that younger employees and customers of defendants would be deprived of the opportunity to work with or be served by employees of all ages, I find that the Amended Complaint fails to sufficiently allege *parens patriae* standing even if plaintiffs' allegations are accepted as valid for the purposes of these motions.[1]

---

1. Although the Amended Complaint asserts solely *parens patriae* standing on behalf of the Attorney General, it is noted that traditional standing to bring this action by the Attorney General

In *Cornwell, supra,* the United States Court of Appeals for the Second Circuit held that *parens patriae* standing also required a finding that the individuals involved could not obtain complete relief through a private suit. 695 F.2d at 40. In the instant action the individual plaintiffs, if successful, are capable of obtaining reinstatement of employment, monetary damages, as well as the requested broad injunctive relief enjoining defendants from discriminating against *any* employee because of his or her age or sex. *See* 29 U.S.C. § 626(c)(1); 42 U.S.C. § 2000e–5(g); section 297(9) of New York's Executive Law; *Meyer v. Brown & Root Const. Co.,* 661 F.2d 369, 374 (5th Cir.1981) (injunctive relief which benefits non-parties may sometimes be proper in a Title VII action); *Criswell v. Western Air Lines, Inc.,* 514 F.Supp. 384, 396 (C.D.Cal.1981), *aff'd,* 709 F.2d 544 (9th Cir.1983) (permanent injunction can prohibit any future violations of the ADEA where willful violations have been established). Therefore in the case at bar, unlike *Cornwell* wherein the individual plaintiffs' standing was doubtful, the ten named plaintiffs possess the requisite standing to challenge the alleged discriminating practices and to receive complete relief through their private suit. Accordingly, defendants' motions to dismiss the Attorney General's causes of action must be granted.[2]

■ Defendants Holiday Inns, Inc. and Buffalo Motel Corp. have also asserted that

this Court lacks subject matter jurisdiction over the individual plaintiffs' Title VII claims due to the initiation of this action May 26, 1983, prior to the issuance of a "Notice of Right to Sue" letter by the Equal Employment Opportunity Commission ("EEOC") to any plaintiff. However, Right to Sue letters were in fact subsequently issued by the EEOC to all plaintiffs June 27, 1983 and their filing of an Amended Complaint July 12, 1983 has cured any such procedural defect presented by the earlier pleading. The June 27, 1983 letters have the effect of ratifying the prior filed suit. *See Spirt v. Teachers Ins. & Annuity Ass'n,* 691 F.2d 1054, 1059 n. 4 (2d Cir.1982), *vacated and remanded on other grounds,* 463 U.S. 1223, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983), *modified* 735 F.2d 23 (2d Cir.), *cert. denied,* 469 U.S. 881, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984); *Pinkard v. Pullman-Standard, A Div. of Pullman, Inc.,* 678 F.2d 1211, 1219 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983). *Henderson v. Eastern Freight Ways, Inc.,* 460 F.2d 258, 260 (4th Cir.1972), *cert. denied,* 410 U.S. 912, 93 S.Ct. 976, 35 L.Ed.2d 275 (1973); *Fields v. Village of Skokie,* 89 F.R.D. 576 (N.D.Ill.1981).

Defendants additionally challenge the validity of these Right to Sue letters because of their issuance prior to the 180–day period set forth in 42 U.S.C. § 2000e–5(f)(1) for retention of discrimination charges by the EEOC.[3] That section permits the EEOC to

---

is also lacking under the standard set forth in *Data Processing Service v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970). The economic injury to the State of New York in being forced to pay unemployment insurance benefits to improperly discharged workers as well as the other asserted injuries are not sufficiently causally related to any of the interests sought to be protected by the statutes in question to permit "traditional" standing by the State in this action.

**2.** Plaintiffs' additional reliance on *City of New York v. Heckler,* 578 F.Supp. 1109 (E.D.N.Y. 1984), for the proposition that *parens patriae* standing is available where individual plaintiffs are able to obtain full relief without the State's involvement is misplaced. Judge Weinstein did not imply such in his opinion, as contended by plaintiffs, but rather recognized that the class of mentally disabled citizens presented therein was

"incapable of acting effectively" for itself due to mental impairments, thereby making *parens patriae* standing appropriate. *Id.* at 45.

**3.** Title VII's section 706(e), 42 U.S.C. § 2000e–5(f)(1), provides in pertinent part:

"If a charge filed with the Commission * * * is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference * * * [from a state agency], whichever is later, the Commission has not filed a civil action under this section * * * or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission * * * shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge * * *."

issue a Notice of Right to Sue upon either its dismissal of charges or the passage of 180 days from the filing of such charges. In the instant action the Right to Sue letters were issued pursuant to an EEOC regulation, 29 C.F.R. § 1601.28(a)(2), which provides for an earlier Notice of Right to Sue if the District Director or other EEOC official has determined that it is probable that the EEOC will be unable to complete its administrative processing of the charges within the 180-day period from the filing of the charges.[4]

Defendants Holiday Inns, Inc. and Buffalo Motel Corp. have argued, and a number of district courts have held, that this EEOC regulation is invalid as inconsistent with Congress's intentions expressed in 42 U.S.C. § 2000e–(5)(f)(1) that either dismissal of charges by the EEOC or the passing of the 180-day period is a prerequisite to the issuance of a Notice of Right to Sue. *See Mills v. Jefferson Bank East,* 559 F.Supp. 34, 36 (D.Colo.1983); *Spencer v. Banco Real, S.A.,* 87 F.R.D. 739, 742–745 (S.D.N.Y.1980); *Loney v. Carr-Lowrey Glass Co.,* 458 F.Supp. 1080, 1081 (D.Md. 1978). These decisions are supported by dicta in numerous United States Supreme Court opinions recognizing that a private party must file EEOC charges and then wait 180 days before instituting a federal lawsuit under Title VII. In *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), it was held that the 180-day waiting period imposed no statute of limitations upon the EEOC's power to institute a federal action, and it was further explained that a "private right of action does not arise until 180 days

after a charge has been filed." *Id.* at 361, 97 S.Ct. at 2451.

"[A] natural reading of § 706(f)(1) [42 U.S.C. § 2000e–5(f)(1)] can only lead to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so." 432 U.S. at 361, 97 S.Ct. at 2451.

*See also, Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 104 n. 12, 99 S.Ct. 1601, 1610 n. 12, 60 L.Ed.2d 66 (1979) (a complainant must allow the EEOC a full 180 days to negotiate a settlement); *Johnson v. Railway Express Agency,* 421 U.S. 454, 458, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295 (1975) (after the passage of 180 days the claimant may demand a Right to Sue letter and institute the Title VII action himself).

Plaintiffs rely on a number of decisions which have held that section 2000e–5(f)(1) does not *prohibit* the EEOC from issuing a Right to Sue letter before the end of the 180-day period. *See Saulsbury v. Wismer and Becker, Inc.,* 644 F.2d 1251, 1257 (9th Cir.1980); *Bryant v. California Brewers Ass'n,* 585 F.2d 421, 425 (9th Cir.1979), *vacated and remanded on other grounds,* 444 U.S. 598, 100 S.Ct. 814, 63 L.Ed.2d 55 (1980);[5] *Cattell v. Bob Frensley Ford, Inc.,* 505 F.Supp. 617, 622 (M.D.Tenn.1980); *Vanguard Justice Society, Inc. v. Hughes,* 471 F.Supp. 670 (D.Md.1979). The rationales of these decisions are initially appealing in their pointing out of the futility of forcing victims of discrimination to "mark time" when it appears that the EEOC will be unable to investigate their charges or

4. 20 C.F.R. § 1601.28(a)(2) provides:

"(2) When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such notice as described in § 1601.-28(e) with copies to all parties, at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that the District Director * * * has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect."

5. Plaintiffs' contention that the Supreme Court had indicated its *sub silentio* approval of the Ninth Circuit's jurisdictional decision in *Bryant* by reaching and reversing on the merits must be discounted by the Ninth Circuit's own subsequent recognition in *Saulsbury v. Wismer and Becker, Inc.,* 644 F.2d 1251 (1980), that the 180-day period issue presented by *Bryant* was not actually before the Supreme Court. *See* 644 F.2d at 1257.

reach conciliation proceedings within the 180–day period. However, as recognized in *Spencer v. Banco Real, S.A., supra,* such arguments must be addressed by Congress and not by the judiciary in view of the unambiguous language of section 2000e–5(f)(1) and Congress's awareness of the enormous backlog of cases before the EEOC when such section was amended in 1972. *See Occidental Life Ins. Co. v. EEOC, supra,* 432 U.S. at 369–370, 97 S.Ct. at 2456–2457. Plaintiffs' additional reliance on *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir.1975), is misplaced due to the unusual circumstances presented in that action. In *Weise,* the EEOC had issued a Notice of Right to Sue only three days after the filing of *additional* charges, alleging a continuing course of discrimination. The Court found that it was not necessary for the EEOC to have held the second charge for an additional 180 days in view of the priorly filed related charge which had been pending for more than 180 days and concerning which conciliation efforts had been unsuccessful. The Court also noted that, "absent dismissal of a charge by the EEOC, the Notice should not issue until the charge has been before the Commission for at least 180 days * * *." 522 F.2d at 412.

■ In view of the congressional mandate of a 180–day period of exclusive EEOC jurisdiction, I find that this Court lacks jurisdiction over plaintiffs' Title VII claims. *See Grimes v. Pitney Bowes, Inc.,* 480 F.Supp. 1381 (N.D.Ga.1979); *Hiduchenko v. Minneapolis Medical & Diagnostic Ctr.,* 467 F.Supp. 103, 107 (D.Minn. 1979); *Budreck v. Crocker Nat. Bank,* 407 F.Supp. 635 (N.D.Cal.1976). Plaintiffs' Title VII charges are therefore remanded to the EEOC with the direction that it reassert jurisdiction for an additional period of time necessary to constitute the 180–day period set forth in 42 U.S.C. § 2000e–5(f)(1) or until said charges are dismissed. The waiting period shall be deemed to have already run for each plaintiff from the date

of the filing of Title VII charges until the issuance of the Right to Sue notices on June 27, 1983.[6] Plaintiffs' Title VII causes of action against Holiday Inns, Inc. and Buffalo Motel Corp. shall be held in abeyance pending the further ordered EEOC proceedings and the existing Right to Sue letters shall be deemed insufficient and of no effect in this action. Due to the jurisdictional nature of the 180–day requirement set forth in section 2000e–5(f)(1), the Title VII charges of plaintiffs Brown, Madeja, and Machajewski against Hamburg Inn, Inc. shall also be remanded to the EEOC and their Title VII causes of action against that defendant shall similarly be held in abeyance.

■ Defendant Buffalo Motel Corp.'s further contention that plaintiff Gannon's ADEA claims against it should be dismissed because she filed suit prior to the sixty-day period set forth in 29 U.S.C. § 633(b) is without merit. Such charges were filed April 20, 1983 with the EEOC and remained before the agency until the Notice of Right to Sue was issued over sixty days later. The jurisdictional defect contained in the prematurely filed May 26, 1983 Complaint is deemed cured by the July 12, 1983 Amended Complaint alleging a proper Notice of Right to Sue regarding the ADEA charges.

Defendant Holiday Inns, Inc. has also asserted that this Court lacks subject matter jurisdiction regarding plaintiffs' Title VII, ADEA and Human Rights Law claims against it and that in any event it is entitled to summary judgment regarding these claims inasmuch as it was not the employer of any of the named plaintiffs. Holiday Inns, Inc. had stated that defendants Buffalo Motel and Hamburg Inn, Inc. operated the hotels in question pursuant to license agreements with Holiday Inns, Inc. and were the actual employers of the plaintiffs. Holiday Inns, Inc. has submitted evidence indicating that it did not and does not exercise any control over the day-to-day opera-

---

**6.** For example, in the case of plaintiff Mary Bennett the Title VII charges were filed March 21, 1983 and the Right to Sue letter was prematurely issued June 27, 1983. Therefore ninety-

eight days of the 180–day period shall be deemed to have already run and shall be "credited."

tions, labor relations or employment practices of the other defendants' hotels. *See Flora Affidavit; Willingham Affidavit; Loveland Affidavit; Houghton Affidavit.* The actual licensing agreements, attached as Exhibits A and B to the Affidavit of Roy Flora, support Holiday Inns, Inc.'s contentions.

Plaintiffs assert that such defendant's motion is premature and that pre-trial discovery is required to determine the nature of the relationship between it and the other defendants and the extent of control exerted by Holiday Inns, Inc. over Hamburg Inn, Inc. and Buffalo Motel Corp. Plaintiffs point to the provisions in the license agreements requiring licensees to comply with Holiday Inns, Inc.'s "system" and high standards of quality and appearance in all areas, including personnel. Plaintiffs argue that in view of Holiday Inns, Inc.'s training of licensee managers and its inspections of licensee hotels regarding quality of services, business policies and management practices, plaintiffs should be permitted to conduct discovery regarding the extent to which Holiday Inns, Inc. affected their employment opportunities.

Title VII, the ADEA and the Human Rights Law protect employees from various forms of discrimination by employers. Although Holiday Inns, Inc. concedes that more than one individual, enterprise or corporation can sometimes be viewed as an employer under these statutes, it asserts that it cannot be considered plaintiffs' employer in this action as a matter of law. Holiday Inns, Inc. states that a fourfactor analysis should be utilized to determine whether it is plaintiffs' employer—to wit, defendants' interrelation of operations, common management, centralized control of labor relations and common ownership or financial control. *See Baker v. Stuart Broadcasting Co.,* 560 F.2d 389, 392 (8th Cir.1977). However, in *Spirt v. Teachers*

*Ins. & Annuity Ass'n, supra,* the Court had explained that

" 'the term "employer," as it is used in Title VII, is sufficiently broad to encompass any party who significantly affects access of any individual to employment opportunities, regardless of whether that party may technically be described as an "employer" of an aggrieved individual as that term has generally been defined at common law.' " 691 F.2d at 1063 (quoting from *Vanguard Justice Society, Inc. v. Hughes,* 471 F.Supp. 670, 696 (D.Md. 1979)).

■ In the instant action it cannot be said as a matter of law that Holiday Inns, Inc. could not be found to be plaintiffs' employer within the meaning of either Title VII, the ADEA, or the Human Rights Law. In addition, in considering a motion for summary judgment, a court cannot try issues of fact but must merely determine whether there are factual issues presented to be resolved. *See Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1319–1320 (2d Cir.1975). Although plaintiffs' conclusory statements with respect to the existence of a factual issue regarding Holiday Inns, Inc.'s impact on their discharges are insufficient to defeat its motion for summary judgment—*see Donnelly v. Guion,* 467 F.2d 290, 293 (2d Cir.1972)—, plaintiffs are entitled to utilize discovery procedures in order to gather evidence regarding this issue. Defendant Holiday Inns, Inc.'s motion for summary judgment regarding plaintiffs' Title VII, ADEA and pendent state claims shall therefore be held in abeyance for sixty (60) days from the date of the entry of this Memorandum and Order.[7] Plaintiffs are directed to limit their discovery from Holiday Inns, Inc. to the issue of such defendant's relationship with and extent of con-

---

**7.** At oral argument, counsel for Holiday Inns, Inc. additionally argued that the plaintiffs' ADEA claims should be dismissed due to the unconstitutionality of the ADEA's "one-house veto" provisions. However *Muller Optical Co. v. EEOC,* 574 F.Supp. 946 (W.D.Tenn.1983), has held that the unconstitutional legislative veto provision contained in the Reorganization Act of 1977 (which transferred responsibility for enforcing the ADEA from the Secretary of Labor to the EEOC) was severable from the remainder of the Act. In any event I decline to rule now on this argument by Holiday Inns, Inc. inasmuch as it has not been properly placed before this Court due to its omission from such defendant's motion papers and memorandum.

trol and influence over the other defendants' employment practices.

Defendant Buffalo Motel Corp. has also moved to dismiss certain of plaintiffs' pendent causes of action under Fed.R.Civ.P. rule 12(b)(6) for their failure to state claims upon which relief can properly be granted. This portion of such defendant's motion tests only the sufficiency of the Amended Complaint—*see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)—and should not be granted "unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ Defendant Buffalo Motel Corp. has asserted that plaintiffs' claims based upon section 40–c of New York's Civil Rights Law should be dismissed inasmuch as it is contended that such statute only pertains to alleged discriminatory practices relating to fair housing and equal access to public places, restaurants and accommodations. Section 40–c provides:

"1. All persons within the jurisdiction of this state shall be entitled to the equal protection of the laws of this state or any subdivision thereof.

"2. No person shall, because of race, creed, color, national origin, sex, marital status or disability, as such term is defined in section two hundred ninety-two of the executive law, be subjected to any discrimination in his civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state."

Although there are very few decisions construing this statute, it appears that it cannot be read as narrowly as defendant has contended. The section has been held applicable to a claim in connection with voting—*see Salonen v. Barbella*, 65 A.D.2d 753, 409 N.Y.S.2d 759 (2d Dep't 1978)—and defendant has presented no tenable basis for suggesting that it would not encompass any cause of action flowing from a civil rights violation.[8] *See also Ganguly v. New York State Dept., Etc.*, 511 F.Supp. 420, 429 n. 4 (S.D.N.Y.1981). I find that the Amended Complaint's allegations of invidious gender discrimination in employment are sufficient to survive defendant's rule 12(b)(6) motion regarding the cause of action alleged under Civil Rights Law § 40–c.

Buffalo Motel Corp. next states that plaintiffs' Human Rights Law claims are barred by the doctrine of election of remedies. It points to section 297.9 which provides in pertinent part:

"Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, * * * provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance * * *."

This defendant also relies on *Collins v. Manufacturers Hanover Trust Co.*, 542 F.Supp. 663 (S.D.N.Y.1982), wherein Judge Haight utilized the election of remedies doctrine in dismissing that plaintiff's Human Rights Law claim due to her prior filing of a complaint with the Division of Human Rights ("the DHR").

■ Plaintiffs argue that the concept of "election" necessarily involves some sort of voluntary choice which is absent from the

---

8. The civil remedy for illegal discrimination violating section 40–c is however limited, as recognized by the Amended Complaint, to a penalty of between one hundred and five hundred dollars. *See* Civil Rights Law § 40–d.

instant action. They state that their Title VII and ADEA discrimination charges were filed initially with the EEOC as a prerequisite to the commencement of this action and that the subsequent referral of such charges by the EEOC to the DHR pursuant to an agreement between the two agencies should not serve to bar plaintiffs' assertion of their rights under section 296.-1(a). I find plaintiffs' position to have the greater merit and also take note of the fact that, even had plaintiffs initially invoked administrative proceedings before the DHR, such actions would only preclude the filing of a complaint in this Court while the resolution of the matters remained undecided by the agency. *See Jainchill v. N.Y. State Human Rights Appeal Bd.*, 83 A.D.2d 665, 442 N.Y.S.2d 595 (3d Dep't 1981); *Rio v. Presbyterian Hosp. in City of New York*, 561 F.Supp. 325, 327 (S.D.N.Y.1983); *cf. Meschino v. Intern. Tel. and Tel. Corp.*, 563 F.Supp. 1066, 1073–1074 (S.D.N.Y.1983). Acceptance of defendant's election argument would mean that, by complying with the requirements for instituting a Title VII or ADEA action, a plaintiff would be effectively barred from later asserting analogous state causes of action. Such result is consistent with the principles inherent in neither Title VII, the ADEA nor the Human Rights Law. Defendant Buffalo Motel Corp.'s motion to dismiss this aspect of the Amended Complaint shall therefore be denied. However, due to the remand of plaintiffs' Title VII charges to the EEOC, plaintiffs' Human Rights Law claims shall be held in abeyance pending the administrative resolution or dismissal of such Title VII charges.

Buffalo Motel Corp. has additionally stated that plaintiffs have failed to properly allege a cause of action under New York law for intentional infliction of emotional distress. Defendant asserts three bases for such contention—namely, (1) plaintiffs cannot broaden their remedy by casting their action in terms of this tort, (2) the additional elements necessary to prove this tort are not present under plaintiffs' Title VII and ADEA claims, and (3) such claim would be barred in state court due to the charges filed with the DHR and therefore cannot be maintained under this Court's pendent jurisdiction.

Such defendant relies on *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983), wherein the Court explained:

"To survive a motion to dismiss, plaintiff's allegations [of a claim for intentional infliction of emotional distress] must satisfy the rule set out in Restatement of Torts, Second * * * that: 'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for emotional distress' (§ 46, subd. [1]). Comment *d* to that section notes that: 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'." 461 N.Y.S.2d at 236, 448 N.E.2d 86.

In that case the Court refused to allow the plaintiff therein to cast his wrongful discharge cause of action in terms of the emotional distress tort inasmuch as he had failed to allege facts regarding his termination in conformity with the aforementioned strict standard. In the instant action, although it is not disputed that plaintiffs would eventually be required to prove conduct by defendant satisfying such standard of liability, the law is clear that this Court must apply the Federal Rules of Civil Procedure to this question regarding the sufficiency of plaintiffs' pleading. *See Bank of St. Louis v. Morrissey*, 597 F.2d 1131, 1135 (8th Cir.1979); *Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc.*, 367 F.2d 625, 629 (3d Cir.1966).

Fed.R.Civ.P. rule 8(a) requires a claim for relief to contain a jurisdictional allegation, "a short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for judgment. Plaintiffs' Amended Complaint complies with these requirements in that plaintiffs have alleged a willful, wanton and malicious campaign to illegally terminate the individual plaintiffs. Paragraphs 38 and 40

of the Amended Complaint state that defendants knowingly and intentionally subjected plaintiffs to personal harassment, intimidation, abuse and embarrassment and that defendants' acts were so outrageous and extreme as to offend the public conscience. Inasmuch as these allegations must presently be taken as true and because it cannot be said at this juncture that plaintiffs will not be able to eventually prove such, defendant's initial argument must be rejected.

■ Defendant Buffalo Motel Corp.'s second argument—that the emotional harm claims should be dismissed inasmuch as such claims will require proof of additional elements beyond the parameters of plaintiffs' Title VII and ADEA claims—is meritless and is summarily rejected. Pendent claims need not be identical to the federal causes of action alleged and plaintiffs' tort claims, being derived from the same underlying facts as their Title VII and ADEA claims, may properly be heard by this Court. *See Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

This defendant's third argument regarding the preclusion of judicial relief due to charges having been filed with the DHR, has been previously rejected and the reasons therefor need not be reiterated.

■ Buffalo Motel Corp. further argues that all of plaintiffs' pendent state claims should be dismissed due to the likelihood of jury confusion, the expansion of triable issues and the divergent proof required due the presence of such, as well as for the advancement of policies of comity and justice. However pendent jurisdiction is a doctrine of judicial discretion—*see Mine Workers v. Gibbs, supra,* at 726, 86 S.Ct. at 1139—and in consideration of judicial economy, convenience and fairness to the parties I find it would be inappropriate to dismiss plaintiffs' pendent claims at this point. Should the federal claims be dismissed before trial or should it appear that state issues will dominate the trial of this action, this Court would be willing to entertain another motion by defendant or defendants to dismiss the state causes of action without prejudice to plaintiffs' institution of proceedings in a state forum.

■ Buffalo Motel Corp. additionally seeks to dismiss plaintiffs' request for compensatory and punitive damages. The availability of such damages in a Title VII action is presently unresolved in this circuit—*see Rio v. Presbyterian Hosp. in City of New York, supra,* at 326 and 326 n. 1—and such defendant's motion is denied without prejudice at this time. However the United States Court of Appeals for the Second Circuit has recently held that neither compensatory damages in excess of lost wages nor punitive damages are recoverable under the ADEA—*see Johnson v. Al-Tech Specialties Steel Corp.,* 731 F.2d 143 (1984)—and therefore Buffalo Motel Corp. is entitled to dismissal of the portions of the Amended Complaint seeking such damages under the ADEA. This defendant's request that the portions of the Amended Complaint requesting declaratory relief and front pay be stricken is denied without prejudice.

In accordance with the foregoing, defendants Holiday Inns, Inc.'s and Buffalo Motel Corp.'s motions to dismiss those portions of the Amended Complaint alleging Title VII, ADEA, Human Rights Law, Civil Rights Law and Executive Law claims by the Attorney General of the State of New York are hereby ORDERED granted. Inasmuch as the question of standing invokes the subject matter jurisdiction of this Court, the Attorney General's claims against defendant Hamburg Inn, Inc. are also hereby ORDERED dismissed. The ten individual plaintiffs' Title VII claims are hereby ORDERED remanded to the EEOC for further proceedings consistent with this decision. Defendant Holiday Inns, Inc.'s motion for summary judgment shall be held in abeyance for sixty (60) days from the entry of this Memorandum and Order and plaintiffs are hereby ORDERED to limit discovery regarding Holiday Inns, Inc. in accordance with the hereinabovestated provisions. Defendant Buffalo Motel Corp.'s motion to dismiss plaintiffs' pendent state claims is hereby ORDERED denied and its motion to dismiss or strike the

portions of the Amended Complaint requesting declaratory relief, compensatory and punitive damages and front pay is hereby ORDERED denied without prejudice except that its motion to dismiss plaintiffs' claims for compensatory damages in excess of lost wages and for punitive damages under the ADEA is hereby ORDERED granted.