**Maria Z. RODRIGUEZ, Plaintiff,**

v.

**CONNECTION TECHNOLOGY INC., and John Cardona, Defendants.**

**No. CV 98–7631–ADS.**

United States District Court, E.D. New York.

Sept. 9, 1999.

Vladimir & Associates, North Babylon, NY, Peter L. Vladimir, of counsel, for the plaintiff.

Lawrence M. Monat, Hauppauge, NY, for the defendant Connection Technology, Inc.

John Cardona, Brentwood, NY, defendant pro se.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This decision examines an unresolved issue in this Circuit. Indeed, the resolution of the motion presently before the Court involves an issue in which there exists a split in Circuit authority; a divergence in opinion within the Southern, Northern and Western Districts of New York; and one that has apparently not been addressed by the Eastern District. Namely, whether the early issuance by the Equal Employment Opportunity Commission ("EEOC" or the "Commissioner") of a "right-to-sue letter," pursuant to 29 C.F.R. § 1601.28(a)(2) is permissible in view of the 180–day waiting period established by 42 U.S.C. § 2000e–5(f)(1).

The plaintiff Maria Z. Rodriguez, (the "plaintiff" or "Rodriguez"), commenced this action against her employer, Connection Technology, Inc., ("Connection Technology" or the "defendant") and her direct supervisor at Connection Technology, John Cardona ("Cardona") (collectively, the "defendants"), alleging sexual harassment and discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y.Exec.Law § 290, *et seq.* (the "NYHRL").

Presently before the Court is the motion by the defendant Connection Technology, with which the defendant *pro se* Cardona joins, seeking dismissal of the plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

The defendants assert that: (1) the complaint should be dismissed due to the undisputed fact that the EEOC issued the plaintiff a right-to-sue letter *prior to* the expiration of the 180–day period set-forth in Title VII; (2) Cardona cannot be personally liable under Title VII; and (3) if the federal claims are dismissed, the Court should refuse to exercise supplemental jurisdiction over the remaining state law cause of action.

## I. BACKGROUND

Unless otherwise stated, the following facts are from the plaintiff's complaint, filed on December 10, 1998. Connection Technology is a company engaged in the electronics manufacturing business. Cardona is a supervisor at Connection Technology. From March 26, 1995 to September 18, 1998, the plaintiff was employed by Connection Technology as a photo printer.

The plaintiff alleges that immediately after she began working at Connection Technology, her supervisor, John Cardona, began to sexually harass her. The plaintiff claims that despite her repeated refusals, Cardona continued to demand that she go out with him. In addition, the plaintiff alleges that Cardona made sexual comments directed at her, and, on several occasions, grabbed and caressed her in a sexual manner. While the plaintiff contends that she told Cardona on numerous occasions that his conduct was unwelcome, Cardona's conduct did not change.

On August 13, 1998, the plaintiff alleges that she complained about Cardona's behavior to "Mr. Hiss," Connection Technology's Vice–President. The plaintiff claims that although Mr. Hiss told her that he would look into her complaints and would take care of the situation, no action was taken by Connection Technology to stop the harassment.

On September 18, 1998 Connection Technology terminated the plaintiff's employment. The plaintiff was informed that she was terminated due to "Slow Business, [and to] cut down costs." The plaintiff argues that this explanation was a pretext and highlights the fact that Connection Technology did not terminate any other employees during this time; that other employees were working overtime; and that new employees were hired during the same period. The plaintiff concludes that she was discriminated against by Connec-

tion Technology in retaliation for her complaint about Cardona's sexual harassment.

On October 14, 1998, the plaintiff filed a charge of discrimination with the EEOC against Connection Technology and Cardona. On November 23, 1998, the EEOC District Director, Spencer H. Lewis, determined that "Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge." As a result, the EEOC terminated the processing of the plaintiff's charge, and upon the plaintiff's request, issued a Notice of Right To Sue. On November 30, 1998, the plaintiff received notice of her Right To Sue the defendant in federal court.

## II. DISCUSSION

The Court notes at the outset that the plaintiff has consented to the withdrawal of her Title VII claim against Cardona. As such, the only issue for the Court's resolution centers on whether the Court presently has jurisdiction over the plaintiff's claims despite the fact that the EEOC issued an early right-to-sue letter.

42 U.S.C. § 2000e–5(f)(1) states, in pertinent part, that:

If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after giving such notice a civil action may be brought against the respondent named in the charge....

In 1977, the EEOC promulgated a regulation that purported to authorize the Commissioner to issue an early right-to-sue notice. In particular, 29 C.F.R. § 1601.28(a)(2) provides that the Commis-

sion may, upon a complainant's request, authorize a private suit:

at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided that [an appropriate Commission official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge.

*Id.*

As previously stated, the plaintiff filed her EEOC complaint on October 14, 1998. On November 23, 1998, pursuant to 29 C.F.R. § 1601.28(a)(2) and only 39 days after the filing of the complaint, an early right-to-sue notice was issued at the plaintiff's request. The early right-to-sue notice claimed that "it [was] unlikely that the EEOC [would] be able to complete its administrative processing within 180 days from the filing of [the plaintiff's] charge."

Courts are divided as to whether, under 29 C.F.R. § 1601.28(a)(2), the EEOC's early issuance of a right-to-sue letter, presents an impediment to proceeding with a Title VII claim in federal court. The Eleventh and Ninth Circuits in *Sims v. Mac-Millan,* 22 F.3d 1059 (11th Cir.1994) and *Saulsbury v. Wismer and Becker, Inc.,* 644 F.2d 1251 (9th Cir.1980) held that when the EEOC issues a right-to-sue letter at a claimant's request and prior to the expiration of 180 days from the filing of the complaint with the Commission, the premature issuance by the EEOC does not preclude the complainant from filing suit in the appropriate federal court. Other district courts have joined the Eleventh and Ninth Circuits. *See Palumbo v. Lufthansa German Airlines,* 98 CV 5005, 1999 WL 540446 (S.D.N.Y. July 26, 1999); *Rosario v. Copacabana Night Club, Inc.,* 97 CV 2052, 1998 WL 273110 (S.D.N.Y. May 28, 1998); *Figueira v. Black Entertainment Television,* 944 F.Supp. 299 (S.D.N.Y.1996); *Parker v. Noble Roman's, Inc.,* IP–96–65–C–D/F, 1996 WL 453572 (S.D.Ind. June 26, 1996); *Martinez v. La-*

*belmaster,* 96 C 4189, 1996 WL 580893 (N.D.Ill. Oct.4, 1996); *Defranks v. Court of Common Pleas,* 95–327, 1995 WL 606800 (W.D.Pa. Aug.17, 1995); *Rolark v. University of Chicago Hosps.,* 688 F.Supp. 401 (N.D.Ill.1988); *Cattell v. Bob Frensley Ford, Inc.,* 505 F.Supp. 617 (M.D.Tenn. 1980); *Vera v. Bethlehem Steel Corp.,* 448 F.Supp. 610 (M.D.Pa.1978); *Howard v. Mercantile Commerce Trust Co.,* 74–417C(1), 1974 WL 302 (E.D.Mo. Nov.27, 1974).

The decision in the Eleventh Circuit in *Sims, supra,* is typical of the rationale underlying the permissibility of the EEOC's premature issuance of a right-to-sue letter:

> the purpose of the 180–day period is to protect the aggrieved party from extended administrative proceedings or bureaucratic backlog; and ... where the EEOC determines, due to its huge backlog, that it cannot investigate an aggrieved party's charge within the 180–day period and notifies the aggrieved party that it is terminating its investigative efforts, it is pointless for the aggrieved party to stand by and mark time until the 180–day period expires.

*Sims,* 22 F.3d at 1061.

In contrast, the United States Court of Appeals for the District of Columbia Circuit in *Martini v. Federal Nat'l Mortgage Ass'n,* 178 F.3d 1336 (D.C.Cir.1999) recently concluded that the "EEOC's power to authorize suits within 180 days undermines its express statutory duty to investigate every charge filed, as well as Congress's unambiguous policy of encouraging informal resolution of charges up to the 180th day." *Id.* at 1347. Many district courts have similarly concluded that the 180 day waiting period is a prerequisite to filing a claim in federal court. *See Stetz v. Reeher Enters., Inc.,* —— F.Supp.2d ——, 99 CV 223, 1999 WL 636598 (N.D.N.Y.1999); *Olszewski v. Bloomberg L.P.,* 96 CV 3393, 1997 WL 375690 (S.D.N.Y. July 7, 1997); *Pearce v. Barry Sable Diamonds,* 912 F.Supp. 149 (E.D.Pa.1996); *Montoya v.*

*Valencia County,* 872 F.Supp. 904 (D.N.M. 1994); *Henschke v. New York Hospital–Cornell Medical Ctr.,* 821 F.Supp. 166 (S.D.N.Y.1993); *Wilk v. Intercontinental Hotel of New York,* 92 CV 2068, 1993 WL 88230 (S.D.N.Y. March 24, 1993); *True v. New York State Dep't of Correctional Serv.,* 613 F.Supp. 27 (W.D.N.Y.1984); *New York v. Holiday Inns, Inc.,* 656 F.Supp. 675 (W.D.N.Y.1984); *Mills v. Jefferson Bank East,* 559 F.Supp. 34 (D.Colo. 1983); *Spencer v. Banco Real, S.A.,* 87 F.R.D. 739 (S.D.N.Y.1980); *Loney v. Carr–Lowrey Glass Co.,* 458 F.Supp. 1080 (D.Md.1978).

In this Court's view, the extensive analysis conducted in the District of Columbia Circuit's opinion in *Martini, supra,* is persuasive and provides a fundamental basis to conclude that the EEOC lacks the authority to issue early right-to-sue notices. As the Court relies on the *Martini* opinion, its analysis warrants review. In *Martini,* the plaintiff was employed by the Federal National Mortgage Association when she alleged that one of her co-workers began to sexually harass her by making abusive comments. The employee who is alleged to have harassed the plaintiff was eventually promoted and oversaw a reorganization that included the termination of the plaintiff. As a result, the plaintiff filed a harassment and retaliation charge with the Commission, and 21 days later, at her request, the EEOC, pursuant to 29 C.F.R. § 1601.28(a)(2), issued a premature right-to-sue letter.

The Court in *Martini* began its analysis by examining 42 U.S.C. § 2000e–5(b), which states, in pertinent part, that:

> [w]henever a charge is filed by ... a person claiming to be aggrieved ... alleging that an employer ... has engaged in an unlawful employment practice, the Commission **shall** serve a notice of the charge ... on such employer ... within ten days, and **shall** make an investigation thereof.... If the Commission determines after such investigation that there is not reason-

able cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action.... If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission **shall** endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.... **The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge....**

42 U.S.C. § 2000e-5(b) (emphasis added). The D.C. Circuit pointed-out that, "although the statute allows some flexibility in the timing of reasonable cause determinations, the Commission's duty to investigate is both mandatory and unqualified." *Martini*, 178 F.3d at 1346. In addition, the D.C. Circuit examined the legislative history of section 2000e-5(f)(1) and noted that "[w]hile the House version of ... what is now section 2000e-5(f)(1) authorized private actions after 180 days, the Senate version authorized private actions after only 150 days. Noting this discrepancy, the conference committee chose the 180-day period." *Id.* at 1347. (citations omitted). The Court went on to conclude that:

> [a]lthough this alone does not unequivocally show that Congress was unwilling to permit private suits within 180 days— Congress simply might have been unwilling to guarantee the right to sue within 180 days.... [B]y choosing 180 days instead of 150 days, Congress indicated its belief that informal resolution of charges, even as late as the 180th day, would be preferable to allowing complainants to sue earlier.

*Id.* In support of this conclusion, the Court cited the Congressional Record of two Senators who sponsored the bill. Senator Javits stated that the 180 day requirement required complainants "necessarily [to] sit [ ] around waiting 6 months." *Id.* (citation omitted). Senator Dominick called it a "180-day private filing restriction." *Id.* Finally, the Court in *Martini* summarized its findings, stating that "... we conclude that the EEOC's power to authorize private suits within 180 days undermines its express statutory duty to investigate every charge filed, as well as Congress's unambiguous policy of encouraging informal resolution of charges up to the 180th day." *Id.*

The Court agrees with the rationale of the D.C. Circuit in *Martini*. The Court's analysis of the legislative history of 42 U.S.C. § 2000e-5(f)(1) as well as the unambiguous statutory language of 42 U.S.C. § 2000e-5(b) that the Commission "shall make an investigation" persuades this Court that those decisions prohibiting the issuance of a right-to-sue letter prior to 180 days are correct. The basic premise of 42 U.S.C. § 2000e-5(b) is that the principal duty of the Commission to investigate is both mandatory and unqualified, and is not to be given short shrift.

It should be noted that while the Second Circuit has not directly addressed the issue of the validity of section 1601.28(a)(2), the decision in *Weise v. Syracuse Univ.*, 522 F.2d 397, 412 (2d Cir.1975) which permitted the issuance of a right-to-sue letter prior to the expiration of 180 days from the filing of the complaint, is readily distinguishable. The Court in *Weise* held that:

> While it is true that, absent the dismissal of a charge by the EEOC, the [right-to-sue] Notice should not issue until the charge has been before the Commission for at least 180 days, in this case there was a prior charge against the same employer that had been pending for more than the required time, and it was clear that no conciliation was likely. There was thus little reason to think that the second charge alleging a continuing course of discrimination would have ended in conciliation. To require

the EEOC to hold the second charge for 180 days would not have advanced the conciliation purposes of the Act and would only have served to delay the proceedings, contrary to the Act's policy of handling claims expeditiously. **In the circumstances of this case,** therefore we decline to hold that the issuance of the [right-to-sue] Notice three days after the filing of the charge was contrary to the procedural requirements of the Act.

*Id.* (emphasis added). Based on the clear language in *Weise,* decided prior to the enactment of 29 C.F.R. § 1601.28(a)(2), its holding is limited to the specific factual scenario involving the filing of a second administrative complaint after the EEOC had already performed an investigation into the prior complaint. The Second Circuit expressly acknowledged that unless a charge is dismissed by the EEOC, a right-to-sue letter should not issue prior to 180 days from the filing of the complaint. The *Weise* decision does not mandate a finding that on a first filing, the early issuance by the EEOC of a right-to-sue letter under section 1601.28(a)(2) is in conformity with Title VII. Further, in *Weise,* the Court specifically warned that a right-to-sue notice "should not issue until the charge has been before the Commission for at least 180 days." *Id.* at 412.

Under section 1601.28(a)(2), the Commissioner need only state that "it is unlikely that the EEOC will complete its administrative processing by 180 days," in order to circumvent the statutory requirement that the EEOC conduct an investigation and seek conciliation of discrimination charges. This practice may have become prevalent as Judge Patterson noted in *Olszewski v. Bloomberg L.P.,* 96 CV 3393, 1997 WL 375690, * 4 (S.D.N.Y. July 7, 1997):

this court has experienced an increase in Title VII cases involving premature right-to-sue notices, suggesting that the EEOC has become indiscriminate in its issuance of these early notices, is not

attempting to resolve disputes between the parties, and is ignoring its statutory obligations to review claims before they get to federal court, in order to unload its backlog of Title VII cases on the courts; thus, the EEOC is frustrating the concept of a two-tier resolution of such cases as envisioned by Congress.

In addition, the Court agrees with Chief Judge McAvoy's recent holding in *Stetz,* 1999 WL 636598, *5 when he stated that:

the issuance of a right-to-sue letter before the EEOC is permitted to investigate a plaintiff's allegation and attempt conciliation would result in an emasculation of the clear statutory language of Title VII and the Congressional policy underlying Title VII, which is aimed at having the EEOC, rather than the courts, resolving disputes involving unlawful employment practices.

■ The EEOC's issuance of a right-to-sue letter, only 39 days after the filing of the complaint, was unwarranted and in violation of the 180 day mandatory waiting requirement of 42 U.S.C. § 2000e–5(f)(1) and the duty imposed by 42 U.S.C. § 2000e–5(b) that the EEOC "shall make an investigation [of the complaint]." The record does not indicate what activities, if any, the EEOC performed during the 39 day period with regard to an investigation or a possible conciliation. The issuance of an early right-to-sue notice, except in highly unusual circumstances such as those described in *Weise,* violates the threshold provision of Title VII. Accordingly, the Court remands the plaintiff's claims to the EEOC for compliance with 42 U.S.C. § 2000e–5(f)(1) and to fulfill its 180 day requirement. Credit will be given for the 39 days during which the charges were pending before the EEOC.

## III. CONCLUSION

Having reviewed the parties' submissions, and for the reasons set forth above; it is hereby

**ORDERED,** that Connection Technology's motion to dismiss the Title VII complaint is **GRANTED** to the extent that the plaintiff's Title VII claim is **REMANDED** to the EEOC for a period long enough for the claim to be considered by the EEOC for the requisite 180 days; and it is further

**ORDERED,** that based on the consent of the plaintiff, the Title VII claim against the individual defendant John Cardona is **DISMISSED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**ORDERED,** that after the completion of the 180 day period before the EEOC, the case may be re-opened upon application by the plaintiff.

**SO ORDERED.**