Schoepfer v. UNH                          CV-97-402-SD 04/16/98

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Joann D. Schoepfer,
f/k/a Shelan

    v.                                      Civil No. 97-402-SD

The University System of
New Hampshire, et al

# O R D E R

Defendants move for reconsideration of this court's previous denial of summary judgment for plaintiff's Title IX claim. Defendants argue that there should be no private right of action for employment discrimination under Title IX, citing a line of cases which has held that "since Title VII provides a comprehensive and carefully balanced remedial mechanism for redressing employment discrimination, and since Title IX does not clearly imply a private cause of action for damages for employment discrimination, none should be created by the courts." Cooper v. Gustavus Adolphus College, 957 F. Supp. 191, 193 (D. Minn. 1997); see also, Lakoski v. James, 66 F.3d 751, 754 (5th Cir. 1995) ("Given the availability of a private remedy under Title VII for

aggrieved employees, we are unwilling to [find a private right of action] under Title IX for employment discrimination.").

Plaintiff, on the other hand, points out ample contrary authority. See Henschke v. New York Hospital-Cornell Medical Ctr., 821 F. Supp. 166, 172 (S.D.N.Y. 1993) ("This Court . . . finds that a private right of action for employment discrimination exists under Title IX separate and apart from Title VII and without regard to the availability of the Title VII remedy."); see also Bedard v. Roger Williams Univ., 1997 WL 769363, at *2 (D.R.I. 1997). This court believes this line of authority to be the better reasoned. In North Haven Bd. of Educ. V. Bell, 456 U.S. 512 (1982), the Court upheld federal regulations issued under Title IX prohibiting employment discrimination on the basis of sex at federally funded education institutions. Under Cannon v. University of Chicago, 441 U.S. 677 (1979), it is undisputed that a private right of action exists under Title IX. It appears inconsistent to hold that the private right of action under Cannon extends to some, but not all, of the conduct prohibited by Title IX. Yet it is exactly this inconsistency that is produced

2

by courts holding that employment discrimination, which under Bell is clearly prohibited under Title IX, nonetheless may not be remedied by a private cause of action under Cannon. The existence of an overlapping remedy under Title VII does not justify this inconsistency because, according to this court's research, there is no such doctrine as federal-federal preemption.

In addition, the First Circuit in Lipsett v. University of Puerto Rico, 864 F.2d 881 (1st Cir. 1988), while not explicitly considering the issue, nonetheless upheld a private right of action under Title IX for employment discrimination. Defendant attempts to distinguish Lipsett on the ground that the plaintiff in that case did not bring a separate claim under Title VII. However, a private right of action under a federal statute cannot be so ephemeral as to dissipate if the plaintiff happens to choose to pursue an overlapping remedy under another statute.

In sum, this court holds that plaintiff may pursue a private right of action under Title IX for the alleged employment discrimination, despite the existence of an overlapping remedy under Title VII.

3

Next, the court is asked to reconsider its ruling that defendants The University System of New Hampshire and The University of New Hampshire (University defendants) are not entitled to judgment on Schoepfer's vicarious liability claims.  Rule 59, Fed. R. Civ. P., "may not be used to argue a new legal theory." FDIC v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992). It is a close case whether defendants are asserting a new legal theory in support of reconsideration.  While defendants have yet to clearly articulate their theory, they appear to argue that the exclusivity provision of New Hampshire Workers' Compensation Act, Revised Statutes Annotated 281-A:8, bars plaintiff from recovering against her employer, the University defendants, for intentional infliction of emotional distress.  In their first memorandum, however, defendants did not assert the exclusivity provision, but rather argued that "a plaintiff cannot impose vicarious liability or respondeat superior liability on an employer for the allegedly intentionally tortious conduct of one of its employees; by definition, such conduct by an employee is outside the scope of her/his employment."  Defendants' Memorandum

4

of Law in Support of the Defendants' Motion for Partial Judgment on the Pleadings at 6. This was an agency argument about the scope an employer's vicarious liability. This argument is entirely unrelated to worker's compensation law, which the defendants' memorandum references merely as support for their agency argument. Because the court found defendants' agency argument so clearly untenable, the court disregarded the reference to worker compensation law.

Defendants respond that the court misconstrued their first memorandum as an agency argument and that their memorandum instead was raising the bar of the workers compensation exclusivity provision as a ground for dismissal. The court finds disingenuous defendants attempt to recharacterize its argument and to fault this court for the misunderstanding.

Nonetheless, this is such a straightforward application of the exclusivity provision of the worker's compensation law, Censullo v. Brenka Video, Inc., 989 F.2d 40, 44 (1st Cir. 1993), that the court feels compelled to dismiss plaintiff's intentional emotional distress claim against the University defendants,

5

despite the fact that defendants never properly raised the issue in their first memorandum.

## Conclusion

For the foregoing reasons, in response to defendants' motion for reconsideration (document 10), the court denies the defendants' motion for judgment on the pleadings (document 6) as to plaintiff's Title IX claim, but grants said motion as to plaintiff's intentional infliction of emotional distress claim a the University defendants.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 16, 1998

cc:    John M. Lewis, Esq.
       Martha V. Gordon, Esq.

6