## Michael A. DEAS, Plaintiff,

v.

## VOLUNTEERS OF AMERICA, Defendant.

### No. 99CIV.5773(JSR).

United States District Court, S.D. New York.

May 25, 2000.

Ambrose W Wotorson, New York City, for plaintiff.

Jeffrey A Kehl, McGuire, Kehl & Nealon, New York City, for defendant.

### MEMORANDUM

RAKOFF, District Judge.

That the United States Equal Employment Opportunity Commission ("EEOC")

---

is deluged with discrimination complaints may warrant delay in fulfilling its investigative duties. It does not justify ignoring such duties altogether. The difference is illustrated in this case.

On January 14, 1999, plaintiff Michael A. Deas filed a complaint with the New York State Division of Human Rights (the "State Division") alleging that his former employer, defendant Volunteers of America ("Volunteers"), had discriminated against him in violation of federal ("Title VII"), state and local laws. *See* Pl. & Def. 56.1 Stmts ¶ 2; Aff. of Jeffrey A. Kehl ("Kehl Aff."), Ex. A. The State Division promptly notified Volunteers of the complaint and stated that "[t]his office will conduct a full investigation and will make a determination as to whether or not there is probable cause to believe that an act of unlawful discrimination has occurred." *See* Kehl Aff., Ex. B; Pl. & Def 56.1 Stmts ¶ 3.

Meanwhile, pursuant to standard procedure, the complaint was "cross filed" with the parallel federal agency, the EEOC, *see* Kehl Aff., Ex. 3; Pl. & Def. 56.1 Stmts ¶ 4. On January 25, 1999, the EEOC sent a notice to Volunteers that stated:

> While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the [State Division's] final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

In timely fashion the State Division began to investigate plaintiff's claim by asking Volunteers to submit documentary and other evidentiary materials, which were duly submitted on April 13, 1999. *See* Pl. & Def. 56.1 Stmt. ¶ 8. Barely a week later, however, on April 20, 1999, the EEOC, at plaintiff's request, issued plaintiff a Notice of Right to Sue (the "Notice"), which stated that "[l]ess than 180 days have passed since the filing of this charge, but [Spencer Lewis, Director of the EEOC has] determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge" and therefore "[t]he EEOC is terminating its processing of this charge." *See* Kehl Aff. Ex. D. Plaintiff then filed the instant suit. *See* Compl.; Def. 56.1 Stmt. ¶ 12.

The mention in the Notice of "180 days" refers to 42 U.S.C.2000e–5(f)(1), which states in pertinent part that:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action under this section ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

More particularly, the Notice was issued pursuant to an EEOC regulation, 29 C.F.R., § 1601.28(a)(2), that states:

> [w]hen a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued ... the Commission may issue such notice ... at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that [one of an enumerated list of EEOC officials] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

Defendant argues that this regulation, in allowing the early issuance of right to sue letters, exceeds the EEOC's authority and that, under the statute, a district court lacks jurisdiction over a Title VII case

until, at a minimum, the expiration of 180 days from plaintiff's filing with the EEOC. While the courts are divided on these issues *see, e.g., Sims v. Trus Joist Mac Millan,* 22 F.3d 1059, 1061 (11th Cir.1994) (finding no jurisdictional bar); *Henschke v. New York Hospital–Cornell Medical Center,* 821 F.Supp. 166, 170 (S.D.N.Y.1993) (finding a jurisdictional bar); *Martini v. Federal Nat'l Mortgage Ass'n,* 178 F.3d 1336, 1340–48 (D.C.Cir.1999) (finding the EEOC regulation invalid); *Figueira v. Black Entertainment Television, Inc.,* 944 F.Supp. 299, 304–06 (S.D.N.Y.1996) (finding the EEOC regulation valid), this Court need not reach these issues, because, even assuming the Court has jurisdiction and the regulation is valid, the case must still be remanded to the EEOC.

This is because the EEOC failed to abide by its own regulation. While its Notice recited that EEOC Director Spencer Lewis had "determined that it [was] unlikely that the EEOC [would] be able to complete its administrative processing within 180 days from the filing of the charge" and that the EEOC was therefore "terminating its processing of this charge," the record is clear that Director Lewis never made any such determination particular to this case and that the EEOC never processed the charge in any meaningful respect. Instead, the EEOC, having previously deferred its own investigation while the State Division began investigating the matter, simply terminated the entire process, at plaintiff's request, without the slightest factual inquiry, even as to the status of the State Division proceedings. *See* Kehl Aff. Ex. C. Thus, the statements in the EEOC's form Notice that it had determined that it would be unable to complete its processing of plaintiff's charge in the applicable period did not rest on the factual determination that its own regulation required. *See* 29 C.F.R. § 1601.28(a)(2).

Put simply, in this case the Notice was a sham. The real effect of its issuance, solicited by the plaintiff, was to short circuit the ongoing and timely investigation of plaintiff's charge by the State Division, whose findings might well have enabled the EEOC to process the charge within the statutorily provided time period.

After these facts were brought to this Court's attention by appropriate motion practice, the Court, by Order dated December 8, 1999, remanded the case to the EEOC for an "actual fact-based determination of whether the processing of the charge is likely to be completed within the remainder of the 180 day period established by statute for the consideration of such charges," and, accordingly, dismissed the case without prejudice. This Memorandum states the reasons for that determination.